UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SAAD, Individually, ZIHRA SAAD,
Individually,

      Plaintiffs,

v.

CITY OF DEARBORN HEIGHTS, SCOTT
KELLER, Individually and in his official
capacity; CARRIE CATES, Individually and
in her official capacity; RESERVE OFFICER
NASON, Individually and in his official capacity;
GREG GONDEK, Individually and in his
official capacity; JERRY SKELTON, individually
and in his official capacity; and JOHN DOE
OFFICERS I-XXX, Individually and in their
official capacities,

      Defendants.
_____/

CASE N0:  2:11-cv-10103-SJM-MAR

HON. PATRICK J. DUGGAN
MAGISTRATE JUDGE MARK A. RANDON

## ORDER GRANTING IN PART/DENYING IN PART PLAINTIFFS' MOTION TO COMPEL (DKT NO. 24) AND GRANTING DEFENDANTS COUNTER-MOTION FOR PROTECTIVE ORDER (DKT. NO 32).

This matter is before the Court on Plaintiffs' motion to compel discovery (Dkt No. 24), and Defendants' response and counter-motion for a protective order (Dkt No. 32). The Court having reviewed Plaintiffs' motion and Defendants' response and counter-motion, and being otherwise fully advised following a hearing on November 17, 2011:

**IT IS ORDERED** that Defendant, the City of Dearborn Heights, shall produce, in redacted form revealing only factual information, the two citizen complaints against Officer Keller, within fourteen (14) days of the entry of this Order.

**IT IS FURTHER ORDERED** that Defendants shall produce the insurance policy identified in their prior discovery responses.

**IT IS FURTHER ORDER** that Defendant, the City of Dearborn Heights, shall state, as part of its documents production regarding the citizen complaints, that no other citizen complaints exist, and that in the event any citizen complaints are subsequently discovered, those will also be produced in accordance with the obligation to supplement discovery responses.

**IT IS FURTHER ORDERED** that Defendant, the City of Dearborn Heights, request for a protective order is granted, and the City of Dearborn Heights shall produce only those Police Department Policies and Procedures, designated by Plaintiffs at the November 17, 2011 hearing, within fourteen (14) days from the entry of this Order, subject to the following terms and conditions:

1. Production of the policies and procedures of the Dearborn Heights Police Department does not constitute a waiver of Defendants' objections to their use, applicability or admissibility in this litigation or any other litigation.

2. The production of the policies and procedures of the Dearborn Heights Police Department is for discovery purposes in this litigation only, shall be maintained in confidence by counsel, except as set forth in Paragraph 4, and shall be used only for the purpose of this litigation and no other purpose.

3. The production of the policies and procedures of the Dearborn Heights Police Department does not waive or limit Defendants' ability to pursue subsequent motions in limine, motion for protective order, or motion for summary judgment regarding these documents, their applicability or admissibility in this litigation or any other litigation.

4. The policies and procedures of the Dearborn Heights Police Department may be used as necessary by Plaintiff's Counsel in this case, including at depositions, filings with the court, court proceedings and at trial to the extent admissible. Plaintiff's Counsel may also disclose such

1

information to his staff, to Plaintiff, and to expert witnesses in this litigation. Plaintiff's Counsel shall advise such individuals of the substance of this Protective Order and that they are bound by its terms.

5.   Plaintiff, her attorneys, and experts are bound by these terms through stipulation of Plaintiff's counsel to this Order and each agrees that all copies are to be returned to counsel for the City of Dearborn Heights by plaintiff's attorney upon conclusion of this litigation, including all appeals.

s/Mark A. Randon  
Mark A. Randon  
United States Magistrate Judge

Dated: November 30, 2011

APPROVED AS TO FORM:

By: <u>with consent of /n/hadous</u>          By: <u>/p/sturdy (57466)</u>
   NEMER N. HADOUS, for Plaintiffs          PATRICK R. STURDY (P57466) for Defendants

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 30, 2011, electronically.*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*  
*(313) 234-5542*

EXHIBIT A

NOVEMBER 17, 2011, DESIGNATED LIST OF DEARBORN HEIGHTS
POLICE DEPARTMENT'S POLICIES AND PROCEDURES

Chapter 1: Administration & Organization

Section 1.   Organization
Section 2.   Job Responsibilities
Section 3.   Organizational Chart
Section 4.   Issuance of Orders

Chapter 2: General Duty Responsibilities

Section 1.   General Responsibilities
Section 2.   Duty Responsibilities
Section 3.   Accountability
Section 4.   Assuming Responsibility
Section 15.  Transportation of Prisoners
Section 16.  Patrol Vehicle Crews to Occupant Front Seat
Section 17.  Crime and Accident Investigation
Section 18.  Writing Report When Necessary
Section 19.  Service Reporting
Section 21.  Enforcement of City Ordinances
Section 22.  Patrol Response
Section 24.  Patrol Unit Personnel
Section 25.  Emergency Transportation
Section 26.  Operation of Patrol Units
Section 27.  Care of Patrol Units
Section 28.  Care of Department Property

Chapter 3: Personal Conduct

Section 1.   General Conduct
Section 2.   Chain of Command
Section 3.   Truthfulness
Section 4.   Respect Toward Other Members
Section 5.   Obedience to Orders
Section 6.   Unlawful Orders
Section 7.   Obedience to Unlawful Orders
Section 8.   Obedience to Unjust or Improper Orders

Section 9.       Conflicting Orders
Section 10.      Insubordination
Section 11.      Condemning Orders
Section 12.      Criticism of City or Department
Section 13.      Criticism of Officers

Section 14.      Obedience of Laws and Regulations
Section 15.      Misconduct Toward Prisoners
Section 16.      Availability While On Duty
Section 17.      Official Information
Section 32.      Wilful Disobedience of Rules, Orders, Policy or Procedures
Section 33.      Conduct Unbecoming an Officer
Section 34.      Disrespect to a Superior Officer
Section 35.      Neglect of Duty
Section 36.      Inattention to Duty
Section 37.      Incompetence
Section 41.      Ignorance of Rules, Regulations, Policy or Procedures
Section 42.      Failure to Report Known Violation
Section 43.      Seizing Property
Section 46.      Abuse of Authority

Chapter 4: Disciplinary Procedures

Section 1.       Persons Subject to Disciplinary Action
Section 2.       Departmental Authority to Discipline
Section 3.       Emergency Suspensions
Section 4.       Initiation of Disciplinary Process
Section 5.       Elements of a Report on Reprimand
Section 6.       Distribution of Report on Reprimand
Section 7.       Departmental Investigations
Section 8.       Interfering With Disciplinary Process or Departmental Investigation
Section 9.       Establishing Elements of Violation
Section 10.      Disposition Reports

Chapter 5: Station and Supervisory Policies

Internal Affairs Management
Notification for Critical Incident
Warrant Arrests

Chapter 7: Officer Response Policies

Domestic Violence Response

Reporting Nuisance Alarm Complaints
Response to Aggression/Resistance (Use of Force)

Chapter 9: Electronics and Technology Policies

Use of Electronic Systems and Tools
Mobile Video Recording Equipment
Recording Devices
Tampering with Electronic Equipment

Chapter 10: Investigative Bureau Policies

Criminal and Traffic Case Processing

Chapter 11: General Policies

Radio Procedures