UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SAAD and ZIHRA SAAD,

       Plaintiffs,

                                  Case No. 11-10103

v.

                                  Honorable Patrick J. Duggan

CITY OF DEARBORN HEIGHTS, SCOTT
KELLER, CARRIE CATES, GREG
GONDEK, JERRY SKELTON, JOHN
DOES 1-100, and RESERVE OFFICER
NASON,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 10, 2012.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On January 7, 2011, Joseph Saad and Zihra Saad ("Plaintiffs") filed this civil rights

action pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights by

Dearborn Heights police officers.  Before the Court is Plaintiffs' motion to amend their

complaint, filed on October 21, 2011 pursuant to Federal Rule of Civil Procedure 15(a)(2).

The matter has been fully briefed, and on December 15, 2011, the Court indicated to the

parties that it was dispensing with oral argument pursuant to Eastern District of Michigan

Local Rule 7.1(f)(2).  For the reasons stated below, the Court denies Plaintiffs' motion.

# I. Background

On July 10, 2010, Dearborn Heights police officer Scott Keller was investigating a woman's complaint about a threatening voice mail message she had received from her neighbor, Joseph Saad.  Keller went to the Saad residence to speak with Joseph about this matter, but the situation soon escalated and Keller apparently called for backup to assist him.  Several other police officers arrived at the scene, and while the events that occurred are disputed by the parties, Joseph Saad and his mother, Zihra Saad, were eventually arrested and transported to the local police station.  They were subsequently charged with assault of a police officer, obstruction, and resisting arrest.

Officer Keller and Officer Carrie Cates testified in the criminal proceedings, but the charges against Mrs. Saad were dismissed at the preliminary exam.  Joseph Saad was bound over to Wayne County Circuit Court, where the judge subsequently granted him a directed verdict based on inconsistencies in the officers' testimony.

Plaintiffs filed this action, alleging that the officers had retaliated against Mrs. Saad for her filing of a lawsuit against the Dearborn Heights Police Department.[1]  Plaintiffs' Complaint asserts eighteen counts, including violations of their Fourth and Fourteenth Amendment rights, conspiracy, retaliation, a number of state law tort claims.  Discovery commenced, and Plaintiffs obtained video and audio recordings from the officers' vehicles on the day in question.  They claim that these recordings contain exculpatory evidence that should have been turned over to Plaintiffs during the criminal proceedings.

---

[1] Mrs. Saad's prior action was filed on July 2, 2010 in the Eastern District of Michigan, Case No. 10-12635, and is presently on appeal before the Sixth Circuit Court of Appeals.

2

Plaintiffs have filed a motion to amend their Complaint, and seek to add several claims relating to the allegedly wrongful withholding of the recordings. These claims include conspiracy, suppression of evidence, perjury, and a *Monell*[2] claim. Defendants argue that amendment should be denied, as the proposed claims are futile.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.*

Amendment is futile where the proposed amendment would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 382 (6th Cir. 1993). As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

### A. Conspiracy Claim

Plaintiffs claim that Officers Cates and Keller conspired with one another to falsify police reports and make false statements to investigators and Wayne County prosecutors. Defendants assert that the intra-corporate conspiracy doctrine bars this claim. This theory has been stated by the Sixth Circuit as follows:

> "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991) (quoting *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)). Generally, if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* at 510. Employees of the same entity may form a conspiracy, however, when they act outside the course of their employment. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 841 (6th Cir. 1994). This exception "recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Id.* at 840.

Although the defendant police officers allegedly made false statements, the Court concludes that these statements fall within the scope of their employment. Even improper actions fall within the scope of employment where they are connected with the employer's business. *See id.* at 841. Police officers routinely document their investigations and activities through police reports. They also frequently testify in criminal proceedings. Officers Cates and Keller allegedly made false statements while carrying out the basic

5

duties of police officers.  These were certainly not "private acts done by persons who happen to work at the same place."  Because Cates and Keller were both employees of the City of Dearborn Heights, there were not two separate people to form the alleged conspiracy.  The intra-corporate conspiracy doctrine bars Plaintiffs' claim.

## B. *Brady* Claim

Plaintiffs allege that Keller and Cates failed to turn over to Plaintiffs "audio and video recordings of the incident giving rise to this action which establish that Plaintiff Joseph Saad did not physically assault Defendant Keller."  Proposed Am. Compl. ¶ 230. Plaintiffs assert that by failing to turn over these recordings, Keller and Cates wrongfully suppressed exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).  Defendants argue that: (1) Plaintiffs cannot establish prejudice from the alleged violation, as they were not convicted; (2) the recordings contain no exculpatory evidence; and (3) Plaintiffs' first-hand knowledge of the allegedly suppressed facts bars their *Brady* claim.

Plaintiffs cannot establish prejudice, as they were not convicted of the criminal charges brought against them.  "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999).  To establish prejudice, the plaintiff must establish "'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  *O'Hara v. Brigano*, 499 F.3d

492, 503 (6th Cir. 2007) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985)). A criminal defendant is not injured by suppression of exculpatory evidence where the criminal proceeding is terminated in his favor. *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988). As it is undisputed that Plaintiffs were not convicted of the charges brought against them, their *Brady* claim fails as a matter of law.

Plaintiffs ask the Court to recognize a *Brady* claim where the criminal proceedings were terminated in their favor, relying on *Haupt v. Dillard*, 17 F.3d 285 (9th Cir. 1994), for the proposition that a criminal defendant's acquittal does not preclude a claim for violation of his due process rights. This may be true with respect to due process claims in general, but a *Brady* claim requires a showing of prejudice. *Strickler*, 527 U.S. at 281-82, 119 S. Ct. at 1948. A plaintiff cannot make this showing where the criminal proceeding was terminated in his favor. *McCune*, 842 F.2d at 907. Plaintiffs point to *Mosley v. City of Chicago*, 614 F.3d 391 (7th Cir. 2010), in which the Seventh Circuit suggested that an acquitted plaintiff might state a *Brady* claim by showing that the disclosure would have altered the decision to go to trial. *Mosley* recognized, however, that the Sixth Circuit has concluded that an acquittal "can never lead to a valid claim for a *Brady* violation because the trial produced a fair result, even without the exculpatory evidence." *Id.* at 397 (citing *McCune*, 842 F.2d at 907). This Court is bound by Sixth Circuit precedent, and therefore, Plaintiffs' *Brady* claim is futile.

The Court also notes that Plaintiffs have failed to identify exculpatory evidence to support their claim. Plaintiffs note that Officer Keller does not state during the recording

that he was assaulted or shoved by Joseph Saad, but Keller's failure to make such a statement would not establish that the alleged assault never occurred. Although the recording is not incriminating with respect to the alleged assault, that does not make it exculpatory. Plaintiffs also point to Keller's statement that he had arrested Joseph for refusing to produce his identification. They argue that this is evidence that the alleged assault never occurred, but the Court disagrees. According to Plaintiffs, Keller testified that Joseph assaulted him *after* being asked to produce his identification; thus, Keller may have decided to arrest Joseph before the alleged assault. The assault could have occurred despite that it was not the basis for Joseph's arrest.

Plaintiffs' suppression of evidence claim also fails because Joseph Saad actually participated in the conversation at issue. *Brady* applies to "information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976). Joseph Saad was certainly aware of his conversation with Officer Keller during the ride to the police station. Defendants' failure to turn over recordings of that conversation to Plaintiffs cannot be considered suppression of evidence.

## C. Plaintiffs' Perjury / Fabrication of Evidence and *Monell* Claims

The proposed Amended Complaint designates Count Twenty as a claim of "perjury." Defendants argue that absolute immunity bars this claim, as Keller cannot be held liable based on his testimony at trial. In response, Plaintiffs note that this claim relates to pretrial statements made by Officer Keller that served as the basis for criminal proceedings against Joseph Saad. *See* Proposed Am. Compl. ¶¶ 224-226 (referring to Keller's statements as a complaining witness). Plaintiffs have offered to designate this claim as "fabricating

8

evidence."  This more accurately describes the claim asserted, as perjury requires a false statement under oath, *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116 (1993), and Plaintiffs have not alleged that Keller's statements were made under oath.  The Court believes, however, that concerns of undue delay and prejudice to Defendants weigh against the addition of this claim.  Plaintiffs were aware of the alleged fabrication of evidence when they filed this suit, as the Complaint states that Defendants initiated Joseph's prosecution by presenting "unfounded and false facts against Joseph" to the prosecutor.  Compl. ¶ 187.  Thus, the alleged withholding of recordings had nothing to do with Plaintiffs' failure to assert this claim more than ten months earlier.  The Court believes that further delays in resolving Plaintiffs' claims are not justified under these circumstances.

Defendants also seek to add a *Monell* claim based on the alleged fabrication of evidence.[3]  Proposed Am. Compl. ¶ 237.  The addition of a *Monell* claim based on fabrication of evidence would likely require a significant amount of additional discovery concerning the nature and extent of the alleged municipal policy or practice of evidence fabrication.  Again, the resulting delay would unfairly prejudice Defendants and cannot be justified given Plaintiffs' failure to timely assert their claim.

### IV. Conclusion

For the reasons stated above, the Court concludes that the proposed conspiracy and

---

[3] Plaintiffs' proposed *Monell* claim also relates to the alleged *Brady* violation, but this claim would be futile, as the Court has already concluded that the *Brady* claim fails as a matter of law.  *See Tucker v. City of Richmond*, 388 F.3d 216, 224 (6th Cir. 2004) (there can be no municipal liability absent an underlying violation of constitutional rights).

*Brady* claims are futile.  The Court also believes that concerns of undue delay and

prejudice to Defendants weigh against the addition of the proposed evidence fabrication

and *Monell* claims.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to amend their Complaint is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Haytham Faraj, Esq.
Nemer N. Hadous, Esq.
Jeffrey R. Clark, Esq.
Patrick R. Sturdy, Esq.